JUDGE SCHOFIELD

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



13 CIV 9230

-------------------------------------------------------------- x

WILLIAM SHEPPARD,

                     Plaintiff,

-against-

Police Officer CRAIG SIKORSKI, Shield 962,
Police Officer ROBERT MILLER, Shield 413,
individually and in their official capacities,

                     Defendants.

**COMPLAINT**

Jury Trial Demanded

RECEIVED DEC 3 1 2013 U.S.D.C. S.D.N.Y. CASHIERS

-------------------------------------------------------------- x

William Sheppard, by his attorneys, Harvis Wright & Fett LLP, alleges the following, upon information and belief, as his Complaint:

### NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

### JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331 and 1343.

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff William Sheppard ("plaintiff" or "Mr. Sheppard") is a resident of Kings County in the City and State of New York.

7. Defendant Police Officer Craig Sikorski, Shield 962 ("Sikorski"), at all times relevant herein, was an officer, employee and agent acting within the scope of his employment by the City of New York's Police Department and assigned to Patrol Borough Manhattan South. Defendant Sikorski is sued in his individual and official capacities.

8. Defendant Police Officer Robert Miller, Shield 413 ("Miller"), at all times relevant herein, was an officer, employee and agent acting within the scope of his employment by the City of New York's Police Department and assigned to Patrol Borough Manhattan South. Defendant Miller is sued in his individual and official capacities.

9. At all times relevant herein, the defendants were acting under color of state law.

## STATEMENT OF FACTS

10. At approximately 10:00 p.m. on October 5, 2012, plaintiff was lawfully walking with his girlfriend and others on 42nd Street near Eighth Avenue in Manhattan when he was accosted, seized, searched, and arrested by the defendants.

11. One of the defendants grabbed plaintiff by his right arm, and went into plaintiff's pants pocket without consent, recovering a legal knife used by plaintiff for his work.

12. The stop and search was without reasonable suspicion to believe plaintiff had committed any crime or offense.

13. The defendants arrested Mr. Sheppard without probable cause on the false charge of possessing a gravity knife and he was taken in handcuffs to, upon information and belief, the 13th Precinct Stationhouse at 230 East 21st Street.

13. The defendants prepared or allowed to be prepared false police reports accusing Mr. Sheppard of a crime.

14. Defendant Miller thereafter made, and defendant Sikorski and other Police Department employees allowed Miller to make, false statements to the New York County District Attorney's Office.

15. The misrepresentations caused plaintiff to be prosecuted under New York County Criminal Court Docket Number 2012NY078459 on the charge of Criminal Possession of a Weapon in the Fourth Degree (P.L. §265.01[1], an A

Misdemeanor punishable by up to a year in jail).

16. Mr. Sheppard was arraigned approximately twenty-four hours after the arrest. Plaintiff was eventually released but was required, under threat of issuance of an arrest warrant and of arrest, to appear in Criminal Court to defend against the false charge.

17. On June 19, 2013, after five Court appearances, the prosecution was adjourned in contemplation of dismissal and thereafter dismissed and the records associated with the arrest and prosecution sealed.

18. The defendants, despite having a reasonable opportunity to do so, took no action to prevent, end, or truthfully report the misconduct to which Mr. Sheppard was subjected.

19. The defendants' acts and omissions caused Mr. Sheppard to suffer loss of liberty, mental and emotional upset and trauma, fear, humiliation, and deprivation of his constitutional rights, among other injuries.

21. The defendants, at all times relevant, acted intentionally, willfully, maliciously, negligently, and with reckless disregard for and deliberate indifference to plaintiff's rights and physical and mental well-being.

## FIRST CLAIM
### Unlawful Stop and Search

22. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

23. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

24. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages herein before alleged.

## SECOND CLAIM
### False Arrest and Imprisonment

25. Plaintiff repeats and realleges each and every allegation as if fully set forth herein

26. Defendants violated the Fourth and Fourteenth Amendments because they arrested and imprisoned plaintiff without probable cause.

27. As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## THIRD CLAIM
### Denial Of Constitutional Right To Fair Trial

28. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

29. The defendants created false evidence against plaintiff.

30.     The defendants forwarded false evidence to prosecutors in the New York County District Attorney's office.

31.     In creating false evidence against Mr. Sheppard, and in forwarding false information to prosecutors and judges, the defendants violated plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

32.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

### FOURTH CLAIM
**Failure To Intervene**

33.     Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

34.     The defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct, and failed to intervene.

35.     Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

36.     As a direct and proximate result of this unlawful conduct, plaintiff sustained damages hereinbefore alleged.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED:   December 31, 2013
         New York, New York

                                HARVIS WRIGHT & FETT LLP

                                _____
                                Gabriel Harvis
                                305 Broadway, 14th Floor
                                New York, New York 10007
                                (212) 323-6880
                                gharvis@hwandf.com

                                *Attorneys for Plaintiff*